# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) Case No.: 2:11-cr-00165-RLH-GWF |
|---|---|
| Plaintiff, | ) **O R D E R** |
| vs. | ) (Motion to Stay the Execution of Sentence Pending Appeal–#238) |
| BRENT EDWARD LOVETT, | ) |
| Defendant. | ) |

Before the Court is Defendant Brent Edward Lovett's **Motion to Stay the Execution of Sentence Pending Appeal** (#238, filed June 13, 2013). The Court has also considered the government's Opposition (#239, filed June 20, 2013), and Defendant's Reply (#241, filed June 25, 2013). For the reasons discussed below, the Court denies Defendant's Motion.

Defendant was convicted at a jury trial of one count of bank fraud on February 27, 2013. The Court subsequently sentenced Defendant to 98 months imprisonment on May 29, 2013. Defendant seeks to postpone the execution of that sentence pending the outcome of his appeal before the Ninth Circuit.

Generally, the court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained." 18 U.S.C. § 3143(b). The only exception is if the Court finds (1) "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact," which is likely to result in a reversal, an order for a new trial, or a significant alteration in the sentence. *Id.* A substantial question is one that is fairly debatable. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted).

The Court does not find that this exception applies because Defendant has not raised a fairly debatable question of law or fact likely to result in one of the enumerated outcomes. Defendant's Motion does not present any argument or analysis of a specific issue to be raised on appeal. Rather, the motion simply contains a list of docket entries, some of which are accompanied by a single italicized phrase generally averring a constitutional violation. Defendant's Reply is somewhat more detailed, containing a laundry list of questions Defendant plans to present in his appeal, yet similarly fails to identify the specific actions of the Court that were in error or provide any argument or explanation as to how the actions complained of violated his constitutional rights. Moreover, upon review of the record and of Defendant's general complaints, the Court finds that Defendant's various allegations lack either a legal or factual basis. Indeed, many of Defendant's assertions seem based solely on hopeful speculation. Consequently, the Court does not find that Defendant's appeal will likely result in a reversal, an order for new trial, or any reduction in sentence. Defendant's Motion is denied.

IT IS SO ORDERED

Dated: July 3, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)